UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60330-CIV-ALTONAGA

**MARK NORYCH**, *et al.*,

    Plaintiffs,

vs.

**ADMIRAL INSURANCE COMPANY**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Admiral Insurance Company's ("Admiral['s]") Motion for an Award of Attorney's Fees (the "Motion") [D.E. 201], filed May 17, 2010. The Court has carefully considered the parties' written submissions and the applicable law.

### I.  BACKGROUND

This Motion arises from a case that has already been tried to a jury. Plaintiffs, Mark Norych and Jacob Linhart, individually and as former partners of the law firm Norych & Tallis, LLP, brought a claim for breach of contract against Admiral, alleging Admiral refused to pay valid claims against a Lawyers' Professional Liability Insurance Policy (the "Policy") that Admiral had sold to Norych & Tallis, LLP. (*See* Compl. [D.E. 1] ¶¶ 14–19). Admiral filed a counterclaim seeking rescission of the Policy because the insurance application contained material misrepresentations. (*See* Def.'s Countercl. [D.E. 61] ¶¶ 42–45).

Twenty-six days before the scheduled trial date, on February 17, 2010, Admiral served the Plaintiffs the following Offer of Judgment (the "Offer"):

Case No. 08-60330-CIV-ALTONAGA

> Pursuant to Fla. Stat. § 768.79, Admiral Insurance Company offers to allow entry of judgment in the amount of $1 in favor of Jacob Linhart, and to allow entry of judgment in the amount of $145,000 in favor of Mark Norych. The offer of judgment as to Mark Norych includes the policy premium of $94,990, plus interest. If accepted, this offer shall resolve all of the claims made in Plaintiffs' complaint, including actual and consequential damages, lost profits, interest, prejudgment interest, costs, and attorney's fees. There is no claim for, and no amount is offered to settle a claim for, punitive damages.

(Offer of J. [D.E. 147-1]).

A week later, Mr. Norych accepted the Offer in an "individual capacity" but not in his capacity as a former partner of Norych & Tallis, LLP. (*See* Pl. Mark Norych's Notice of Filing Accepting of Offer of J. ("*Notice*") [D.E. 147] ¶ 7). Admiral moved to strike the Acceptance, arguing that Mr. Norych brought his claim as a former partner in the firm and could not accept in an individual capacity. (*See* Def.'s Mot. to Strike [D.E. 152] at 2). The Court granted Admiral's Motion to Strike because the Offer was made to both Mr. Norych and Mr. Linhart, and only Mr. Norych had accepted the Offer. (*See* Hr'g Tr. 12:19–13:1, Mar. 2, 2010 [D.E. 208-2]). Thereafter, neither Mr. Norych nor Mr. Linhart accepted the Offer, and both parties' claims were tried to a jury. The jury returned a verdict against Plaintiffs on their breach of contract claim and in favor of Admiral on its counterclaim for rescission. (*See* Jury Verdict [D.E. 193]).

In the Motion, which Plaintiffs oppose, Admiral seeks attorney's fees of $164,155.00 pursuant to Section 768.79 of the Florida Statutes.

## II. ANALYSIS

Plaintiffs assert (a) the Motion is procedurally defective because Admiral failed to comply with Local Rule 7.3(a); and (b) the Offer is substantively invalid.

2

Case No. 08-60330-CIV-ALTONAGA

A.      **Admiral Failed to Comply with Local Rule 7.3(a).**

Under Local Rule 7.3(a) for the U.S. District Court for the Southern District of Florida, "[a] motion for an award of attorneys fees and/or costs arising from the entry of a final judgment or order *shall* . . . not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed." S.D. FLA. L.R. 7.1(a)(1) (emphasis added). Local Rule 7.3(b) — titled "Good Faith Effort to Resolve Issues by Agreement" — then describes the necessary steps for a good faith effort to comply with Local Rule 7.3(a)(1). Local Rule 7.3(b) provides, *inter alia*, that: (1) "[a] draft motion . . . *must* be served but not filed within thirty (30) days after entry of the final judgment or order"; and (2) "[w]ithin twenty-one (21) days of service of the draft motion, the parties *shall* confer and attempt in good faith to agree on entitlement to and the amount of fees." S.D. FLA. L.R. 7.3(b) (emphasis added).

Admiral admits it did not comply with all of the requirements under Local Rule 7.3(b). (*See* Def.'s Reply in Supp. of Mot. for an Award of Att'y's Fees ("*Reply*") [D.E. 209] at 2). It did not serve a draft motion thirty days after entry of judgment, and it did not confer with Plaintiffs twenty-one days after service of the draft motion. These errors alone are sufficient reason to deny the Motion. *See, e.g.*, *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07-80185 CIV, 2008 WL 360591, at *2 (S.D. Fla. Feb. 8, 2008) (denying a request for attorney's fees because the defendant failed to comply with the Local Rules).

Admiral contends serving a draft motion would have been useless because Plaintiffs had already indicated they would oppose the Motion. (*See Reply* at 2). But there is no exception in the Local Rules for futility: the parties *shall* make a good faith effort to resolve the motion; the movant

3

Case No. 08-60330-CIV-ALTONAGA

*must* serve a draft motion; and the parties *shall* confer twenty-one days after service of the motion. *See* S.D. FLA. L.R. 7.3(a)–(b). Local Rule 7.3 would be undermined if a party did not have to serve a draft motion simply because it believed or understood the motion would be opposed.

Thus, the Motion is denied because Admiral failed to comply with Local Rules 7.3(a)(1) and 7.3(b).

**B.    The Offer is Substantively Invalid.**

Plaintiffs contend the Offer is substantively invalid because (1) it requires joint acceptance and (2) it was untimely served.

1.    Joint Acceptance of the Offer

Florida Statues section 768.79(1) entitles a defendant to "recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgement is one of no liability," if the defendant had previously "file[d] an offer of judgment which [was] not accepted by the plaintiff within 30 days." The parties agree an offer of judgment that is conditioned on joint acceptance is invalid and unenforceable. *See Attorneys' Title Ins. Fund, Inc. v. Gorka*, — So. 3d —, 2010 WL 1235268, at *2 (Fla. Apr. 1, 2010) (holding a "joint offer is invalid and unenforceable because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal"). The only question, then, is whether Admiral's Offer required joint acceptance.

Admiral's Offer is functionally equivalent to the offer discussed in *Clements v. Rose*, 982 So. 2d 731 (Fla. 1st DCA 2008), *overruled on other grounds by Gorka*, — So. 3d —, 2010 WL 1235268, at *2. In *Clements* the plaintiff made the following settlement offer:

4

Case No. 08-60330-CIV-ALTONAGA

> 5. *TOTAL AMOUNT OF PROPOSAL*: Seventy-Five Thousand and no/100 Dollars ($75,000.00), payable to Plaintiff, JAMES CLEMENTS; (Thirty-Seven Thousand Five Hundred and no/100 Dollars ($37,500.00) from Defendant, BOBBY R. ROSE, and Thirty-Seven Thousand Five Hundred and no/100 Dollars ($37,500.00) from Defendant, MAUDE-ANNA ROSE.)

*Id.* at 731–32. The court held that the offer was not ambiguous and that it required joint acceptance because it was conditioned on both the husband and wife "accepting it and paying their respective portions." *Id.* at 732.

Here, likewise, Admiral's Offer unambiguously requires joint acceptance. In the first sentence, Admiral offers Mr. Linhart $1 and Mr. Norych $145,000, similar to how the plaintiff in *Clements* required each defendant to pay $37,500. The second sentence explains how Admiral decided upon the sum offered to Mr. Norych. The third sentence then provides that "this offer" — which refers collectively to the sums offered to Mr. Linhart and Mr. Norych — "shall resolve all of the claims made in *Plaintiffs'* complaint." (Offer of J.) (emphasis added). Like the offer in *Clements*, Admiral's Offer does not allow only one Plaintiff to accept the Offer: throughout the Offer, Admiral addresses Mr. Norcyh's and Mr. Linhart's claims collectively and offers only joint settlement.

Admiral nevertheless contends the Offer does not require joint acceptance. First, it notes the Offer, unlike the one in *Gorka*, did not expressly require joint acceptance. *Clements* illustrates, however, that an offer need not expressly require joint acceptance in order to be conditional. Second, Admiral notes Plaintiffs previously asserted the Offer "does not expressly condition acceptance by one Plaintiff on acceptance by the other Plaintiff." (*Notice* ¶ 4). Plaintiffs' previous position is

5

Case No. 08-60330-CIV-ALTONAGA

irrelevant. Under *Clements* and *Gorka*, Admiral's Offer was conditioned on joint acceptance and is invalid.

Consequently, the Motion is also denied because the Offer is invalid and Admiral is not entitled to an award of attorney's fees under section 768.79.

2. Timeliness of the Offer

Since the Offer is invalid as a joint offer, the Court need not address the parties' arguments concerning the timeliness of the Offer.

### III. CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** that the Motion **[D.E. 201]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of June, 2010.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record